UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MORGAN STANLEY SMITH BARNEY LLC, )
)
        Plaintiff, )
v. )
) Civil Action No.
NATHAN RUMELY, )
)
        Defendant. )
)

## COMPLAINT

1. Morgan Stanley Smith Barney LLC (hereinafter "Morgan Stanley"), by its undersigned attorneys, hereby brings the following Complaint for injunctive relief against Defendant for (i) breach of contract and (ii) unfair competition.

2. Morgan Stanley seeks a preliminary injunction to enforce Defendant's confidentiality and non-solicitation obligations contained in multiple agreements he signed with Morgan Stanley.

3. Morgan Stanley is filing, simultaneously with the filing of this action, an arbitration against Defendant before FINRA Dispute Resolution. FINRA's Code of Arbitration Procedure requires parties seeking interim injunctive relief to do so from a court of competent jurisdiction and, upon entry of an order by a court, FINRA will schedule an expedited hearing on the request for a permanent injunction within fifteen days.

### I. PARTIES

4. Morgan Stanley, a limited liability company incorporated in the state of Delaware with its principal place of business in New York, is a broker-dealer and a member of

FINRA. Morgan Stanley's sole member is Morgan Stanley Domestic Holdings, Inc., also incorporated in Delaware with its principal place of business in New York.

5. Defendant formerly was employed by Morgan Stanley as a financial advisor in its Mishiwaka, Indiana office. Defendant is a citizen of Indiana.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. § 1391 as the Defendant resides in this judicial district and the conduct complained of also occurred in this judicial district.

## III. FACTS COMMON TO ALL COUNTS

7. Morgan Stanley is engaged in the business of, *inter alia*, providing investment services to the public at large.

8. In 2001, in connection with his employment with a Morgan Stanley predecessor, Defendant signed the "Financial Consultant Trainee Employment Agreement and Restrictive Covenants." This agreement includes Defendant's promises not to use, disclose, or retain any confidential information following the termination of his employment and not to solicit clients for one year following the termination of his employment. (*See* Exhibit "A" at ¶¶ 1-2).

9. In this agreement, Defendant also consented to the entry of preliminary injunctive relief in the event he breached his confidentiality or non-solicitation covenants. (*Id.* at ¶ 4).

10. In 2013, Defendant signed the FFAP Agreement. (*See* Exhibit "B").

11. The FFAP Agreement similarly contains Defendant's express promise not to solicit clients following the termination of his employment for any reason as well as his covenant to maintain the confidentiality of client information. (*Id.* at 2-3).

12. In the FFAP Agreement, Defendant also acknowledged that if he violated any of the foregoing provisions, Morgan Stanley "will suffer immediate and irreparable harm and that money damages will not be adequate to compensate Morgan Stanley or to protect and preserve the status quo," and that "you CONSENT TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY INJUNCTION" to enforce the non-solicitation and confidentiality obligations as set forth in the FFAP Agreement. (*Id.* at 3).

13. In 2014, Defendant signed the "Morgan Stanley Wealth Management Joint Production Agreement." (*See* Exhibit "C"). In addition to incorporating the confidentiality and non-solicitation covenants contained in Defendant's other agreements, this particular agreement further provides: "In addition, for a period of one (1) year following any Joint Producer's termination of employment, such Joint Producer will not solicit any Client Accounts on which the departed Joint Producer is not identified as the Designated Joint Producer, or retain any information regarding any such Client Accounts, including, but not limited to, a list of Morgan Stanley client names and/or client contact information." (*Id.* at 3).

14. On January 3, 2018, Defendant's employment with Morgan Stanley terminated. Defendant subsequently joined Robert W. Baird & Co. ("Baird"), a direct competitor of Morgan Stanley, in a nearby office.

15. Since Defendant's termination, clients protected by the multiple agreements signed by Defendant have confirmed being contacted by Defendant.

16. Upon information and belief, Defendant has violated his contractual obligation not to solicit clients to transfer their business away from Morgan Stanley.

17. Morgan Stanley also alleges, upon information and belief, that Defendant has engaged in unfair competition.

## COUNT I
## INJUNCTIVE RELIEF

18. The allegations of Paragraphs 1 through 17 are incorporated by reference herein with the same force and effect as if set forth in full below.

19. By virtue of the foregoing, Morgan Stanley has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendant.

20. Defendant expressly agreed to a preliminary injunction to enforce his confidentiality and non-solicitation covenants. (*See* Exhibits "A" – "C").

21. Unless Defendant is preliminarily enjoined from violating the terms of his agreements, and engaging in acts of unfair competition, Morgan Stanley will be irreparably harmed by:

(a) Loss of clients, damage to office stability, and a threat to the enforcement of reasonable contracts; and

(b) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

22. Morgan Stanley has no adequate remedy at law.

WHEREFORE, Morgan Stanley respectfully requests that:

(a) A Preliminary Injunction Order issue immediately, enjoining Defendant, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Baird, from:

    (i)    Soliciting the business of, or initiating any contact or communication with, any customers of Morgan Stanley whom Defendant served or whose names he learned while in the employ of Morgan Stanley (excluding members of Defendant's family);

    (ii)    Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

    (iii)    Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information; and

    (iv)    Any other such acts as this Court deems appropriate for injunctive relief.

## COUNT II
## BREACH OF CONTRACT

23.    The allegations of Paragraphs 1 through 22 are incorporated herein by reference with the same force and effect as if set forth in full below.

24.    Upon information and belief, Defendant has violated the provisions of his agreements attached hereto as Exhibits "A" – "C".

25. As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

## COUNT III
## UNFAIR COMPETITION

26. The allegations of Paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

27. Upon information and belief, Defendant has engaged in acts of unfair competition.

28. As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, by virtue of the foregoing acts, Morgan Stanley demands judgment in its favor and against Defendant for preliminary injunctive relief pending expedited arbitration hearings on the merits before a duly appointed panel of arbitrators to be held pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure.

Respectfully submitted,

By: _____
Shaw Friedman  Indiana Bar No. 8482-46
Friedman & Associates P.C.
705 Lincolnway
LaPorte, Indiana 46350
(219) 326-1264
(219) 326-6228 (Fax)
*Attorneys for Plaintiff*

Dated: January 17, 2018